IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02171–CMA–KMT

BERNARD KENNETH RIVERS, JR.-EL,

    Plaintiff,

v.

JUDGE JAMES HARTMANN,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This case comes before the court on Plaintiff's "Motion for Default Judgment" (Doc. No. 10) filed September 23, 2011.

    Plaintiff seeks default judgment under Fed. R. Civ. P. 55. Plaintiff asserts that default judgment should granted against the defendant because he failed to answer or otherwise defend claims by Midnight on September 22, 2011, the date by which this court granted the defendant an extension of time to answer or otherwise respond to the Complaint. (*See* Mot. at 1; Doc. No. 7.)

    When a defendant fails to "plead or otherwise defend," default must be entered by the clerk of the court. Fed. R. Civ. P. 55(a). Thereafter, the prevailing party may ask the Court to enter judgment. *See* Fed. R. Civ. P. 55(b)(2). Here, the Defendants did not fail to plead or

otherwise defend against Plaintiff's action, as he filed a Motion to Dismiss on September 22, 2011. (Doc. No. 8.) Moreover, the clerk of the court has not entered a default. As such, Plaintiff's motion for default judgment should be denied.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that Plaintiff's "Motion for Default Judgment" (Doc. No. 10) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite

the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 27th day of September, 2011.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge