IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02171–CMA–KMT

BERNARD KENNETH RIVERS, JR.-EL,

    Plaintiff,

v.

JUDGE JAMES HARTMANN,

    Defendant.

---

## ORDER

---

This matter is before the court on Defendant's "Motion to Stay Discovery and Disclosures Pending Determination of Defendant's Motion to Dismiss" (Doc. No. 13 [Mot.], filed September 27, 2011). Defendants seek to stay all discovery pending a ruling on their Motion to Dismiss in which they assert, *inter alia*, the defenses of absolute judicial immunity and Eleventh Amendment immunity. (*Id.,* ¶ 2.) Plaintiff did not file a response. The motion is ripe for ruling.

In his Complaint, Plaintiff asserts claims for damages, injunctive, and declaratory relief related to the dismissal of a case he filed in Weld County District Court in which he requested that the Weld County District Court appoint a special prosecutor to investigate and bring charges against the arresting officer, tow truck driver, and District Attorney who were involved in a 2008 drunk driving case against Plaintiff. (*See* Doc. No. 1.) Defendant filed his Motion to Dismiss on September 22, 2011. (Doc. No. 8.)

Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (citing *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *see also Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (noting that qualified immunity, if successful, protects an official both from liability and the ordinary burdens of litigation, including far-ranging discovery) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). As explained by the Court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

*Id.* at 1953.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c). Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this court's discretion. *Id.*

Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010). Although a stay of all discovery is generally disfavored, *see Bustos v. U.S.*, 257 F.R.D. 617, 623 (D. Colo. 2009), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action" *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). *See also Vivid Techs., Inc. v.. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When

a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). When considering a stay of discovery, this court has considered: 1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; 2) the burden on the defendants; 3) the convenience to the court; 4) the interests of persons not parties to the civil litigation; and 5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2.

Defendant argues that he should be protected from the burdens of litigation until his Motion to Dismiss has been decided. Plaintiff has not filed a response in opposition to the Motion. There is no indication that granting a stay will inconvenience the court or prejudice the interests of persons not parties to this action. Indeed, the public interest is served by avoiding unnecessary discovery in the event the Motion to Dismiss is granted. *See* Fed. R. Civ. P. 1 (instructing that the Federal Rules "should be construed and administered to secure the just, speedy, and *inexpensive* determination of every action and proceeding") (emphasis added).

Balancing the five *String Cheese* factors, the court finds that a stay of discovery is appropriate in this case. Therefore, it is

**ORDERED** that Defendant's "Motion to Stay Discovery and Disclosures Pending Determination of Defendant's Motion to Dismiss" (Doc. No. 13) is **GRANTED**. All discovery and disclosures in this matter are hereby **STAYED** pending ruling on Defendant's Motion to

Dismiss.  The parties shall file a joint status report within ten days of a ruling on the pending motion to dismiss to advise if a scheduling conference should be set.

Dated this 8th day of November, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge