IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–02171–CMA–KMT

BERNARD KENNETH RIVERS, JR.-EL,

    Plaintiff,

v.

JUDGE JAMES HARTMANN,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case involves claims that Defendant violated Plaintiff's First, Fourth, Fifth, and Fourteenth Amendment rights. This matter is before the court on "Defendant's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6)" (Doc. No. 8, filed September 22, 2011) and Plaintiff's "Motion for Summary Judgment" (Doc. No. 19, filed October 5, 2011).

### STATEMENT OF THE CASE

On March 28, 2008, Plaintiff was arrested on charges of driving under the influence of alcohol (DUI), careless driving, no proof of insurance, and no valid driver's license.[1] (*See* Doc. No. 8-6 at 35–41.) These charges eventually were dismissed for the arresting officer's failure to

---

[1] The court may take judicial notice of a fact not subject to reasonable dispute that is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201. Facts subject to judicial notice may be considered in a motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *See Tal v. Hogan*, 453 1244, 1264 n.24 (10th Cir. 2006).

appear at an evidentiary hearing and the subsequent suppression of evidence. (Doc. No. 8-3.) On January 20, 2011, Plaintiff filed Case Number 2011cv70 in the Weld County District Court, requesting that a special prosecutor be appointed, pursuant to Colo. Rev. Stat. § 16-5-209, to investigate and bring charges against the District Attorney and Assistant District Attorneys who prosecuted him on the DUI case. (Doc. No. 8-1 at 1.) Defendant Judge Hartmann was assigned to the case, eventually held an evidentiary hearing, denied Plaintiff's petition for appointment of a special prosecutor, and dismissed the case. (*See* Doc. No. 8-4.)

On August 19, 2011, Plaintiff filed this case, alleging Defendant Judge Hartmann acted unconstitutionally in his capacity as Chief Judge presiding over Case Number 2011cv70. (*See* Compl.) Plaintiff alleges the following and seeks injunctive and declaratory relief (*id.* at 3):

1.      Defendant violated his First Amendment right to petition the government for redress of grievances when he dismissed Case Number 2011cv70 (*id.*, ¶ VI);

2.      Defendant violated the Supremacy Clause by failing to provide a "hospitable forum" for his federal claims (*id.*, ¶ VII);

3.      Defendant violated Plaintiff's Fifth Amendment due process rights by issuing a Case Management Order and then "purposely wait[ing] until the day of court . . . to inform Plaintiff that the CASE MANAGEMENT ORDER was incorrect" (*id.*, ¶ VIII);

4.      Defendant acted without jurisdiction by failing to enter default against the defendants in Case Number 2011cv70, thereby "engaging in criminal acts of treason" and interfering with "interstate commerce," and also by failing to recuse himself (*id.*, ¶¶ IX, X);

2

5. Defendant "acted unconstitutionally" in Case Number 2011cv70 when he ignored Plaintiff's arguments that police acted illegally by stopping Plaintiff for drunk driving, and that police and District Attorneys acted illegally in prosecuting Plaintiff for drunk driving (*id.*, ¶¶ XI, XII);

6. Defendant "acted unconstitutionally" by violating Article VI, Clause III (Oath to support U.S. Constitution), by violating his equal protection rights and treating "the minority suspiciously," and by showing "reckless candor and prejudice to the administration of justice" (*id.*, ¶¶ XIII, XIV, XV).

## PROCEDURAL HISTORY

Defendant filed a Motion to Dismiss, arguing that (1) he is entitled to absolute judicial immunity; (2) the Court lacks subject matter jurisdiction to hear Plaintiff's claims; and (3) Plaintiff's claims for damages and retrospective relief are barred by the Eleventh Amendment and 42 U.S.C. § 1983. (Doc. No. 8 [Mot. Dismiss].) Plaintiff filed his response on September 30, 2011 (Doc. No. 16 [Resp. Mot. Dismiss]), and Defendant filed his reply on October 11, 2011 (Doc. No. 21 [Reply Mot. Dismiss]).

Plaintiff filed a Motion for Summary Judgment on October 5, 2011. (Doc. No. 19 [Mot. Summ. J.].) Defendant filed his response on October 26, 2011 (Doc. No. 24 [Resp. Mot. Summ. J.]), and Plaintiff filed his reply on October 31, 2011 (Doc. No. 25 [Reply Summ. J.]). These motions are ripe for review and recommendation.

**STANDARD OF REVIEW**

*1.* **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

*2.* *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the

court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

*3.     Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id.* at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

### 1. *Absolute Judicial Immunity*

Defendant argues he is entitled to absolute judicial immunity. (Mot. Dismiss at 6–7.) In *Stump v. Sparkman*, 435 U.S. 349, 359 (1978), the Supreme Court stated that a judge is entitled to absolute judicial immunity from a suit for money damages if he has not acted in clear absence of all jurisdiction and if the act was a judicial one. An act is judicial if it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. *Stump*, 435 U.S. at 362. Recognizing that it is a "general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequence," the

Supreme Court held that "[j]udges of courts of . . . superior or general jurisdictions are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 351 (1872).

"The Supreme Court has recognized only two exceptions to this immunity from suit: (1) 'a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity;' and (2) 'a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction.' " *Hicks v. Blythe*, 105 F.3d 669 (10th Cir. 1997) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 360.

In this case, Plaintiff describes actions taken by Defendant Judge Hartmann in his capacity as Chief Judge presiding over Case Number 2011cv70. Plaintiff has not alleged and it cannot be disputed that Defendant Judge Hartmann has engaged in anything other than judicial acts. Moreover, Plaintiff does not allege any facts and it cannot be disputed that any actions or inactions by Defendant Judge Hartmann were taken in complete absence of all jurisdiction. Accordingly, Plaintiff has failed to show Defendant Judge Hartmann fits into one of the two exceptions set forth in *Hicks*, and, thus, Defendant Judge Hartmann is entitled to absolute judicial immunity on Plaintiff's claims for money damages.

### 2. *Judicial Immunity on Plaintiff's Claims for Injunctive Relief*

In *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984), the Supreme Court held that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Id.*; *see also Schepp v. Fremont Cnty.*, 900 F.2d 1448 (10th Cir. 1990) (judges are not "shielded by absolute immunity from declaratory or injunctive relief). However, in 1996, Congress effectively reversed *Pulliam* with the enactment of the Federal Courts Improvement Act ("FCIA"), Pub.L. No. 104-317, 110 Stat. 3847 (1996) (amending 42 U.S.C. § 1983). Section 309(c) of the FCIA bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Neither statutory limitation appears to apply in this case, and Plaintiff's Complaint alleges nothing to the contrary. Thus, judicial immunity extends not only to Plaintiff's claims for monetary relief, but to his claims for injunctive relief. *See Lawrence v. Kuenhold*, 271 F. App'x 763, 766 (10th Cir. 2008).

### 3. *Claims for Declaratory Relief*

Plaintiff seeks unspecified declaratory relief. (*See* Doc. No. 1 at 3.) "A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." *Lawrence*, 271 F. App'x at 766 (citing *Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1266 (10th Cir. 2004). As Plaintiff's case in Weld County has been dismissed and closed, there is no basis for any declaration in anticipation of future conduct by Defendant Judge Hartmann. A declaratory judgment would serve no purpose here and, thus, is not available. *See S. Utah Wilderness*

*Alliance v. Smith*, 110 F.3d 724, 730 (10th Cir. 1997). Accordingly, Plaintiff's claims for declaratory relief against Defendant Judge Hartmann are properly dismissed.

### *4.* *The* **Rooker-Feldman** *Doctrine*

Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine. (Mot. Dismiss at 7–8.) Plaintiff's claims in this case are directly related to orders entered by the state court in Case No. 2011cv70 denying Plaintiff's request that special prosecutor be appointed. The *Rooker-Feldman* doctrine is a jurisdictional prohibition that is based on 28 U.S.C. § 1257, which holds that federal review of state court judgments may be obtained only in the United States Supreme Court. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). *Rooker-Feldman* not only bars consideration of issues that were actually presented to and decided by a state court, but it also bars consideration of constitutional claims that are "inextricably intertwined with" issues that were ruled upon by a state court. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483–84 n.16 (1983). A constitutional claim is inextricably intertwined with issues reached by a state court "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995). In short, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse some action or decision by a state court, or would effectively void its ruling. *Id.*

To determine whether claims are inextricably intertwined, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry v. Geils*, 82 F.3d 1362, 1365

(7th Cir. 1996); *see also Pittsburg Cnty. Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 707 (10th Cir. 2004) (holding that courts should ask "'whether the state court judgment caused, actually and proximately, the injury for which [the party] seeks redress'") (quoting *Kenmen Engineering v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002)). Plaintiff's allegations fall squarely within the scope of the *Rooker-Feldman* doctrine and, therefore, preclude this court from reviewing them.

While Plaintiff does set forth allegations that his constitutional rights have been violated, ultimately he is seeking to void state court orders. Under *Rooker-Feldman*, the redress for these alleged injuries is through the state court appellate process to the United States Supreme Court. Federal district courts can neither address these injuries nor review the state court proceedings. 28 U.S.C. § 1257 (2008). Accordingly, Plaintiff's claims are properly dismissed for lack of subject matter jurisdiction.

### 5.     *Eleventh Amendment Immunity*

Finally, Defendant argues, to the extent Plaintiff sues him in his official capacity for damages or retrospective relief, Plaintiff's claims are barred by the Eleventh Amendment. (Mot. Dismiss at 9.) As a general rule, the Eleventh Amendment immunizes states from suit in federal court. *See Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995)("the Eleventh Amendment bars a suit brought in federal court by the citizens of a state against the state or its agencies."). Moreover, claims for damages against a state employee in his official capacity are construed as claims against the State and are thus likewise barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 165–68 (1985)(a suit against an individual acting in an official

capacity is properly treated as a suit against the state itself and is barred under the Eleventh Amendment); *White v. Colorado*, 82 F .3d 364, 366 (10th Cir. 1996)(Eleventh Amendment sovereign immunity barred § 1983 claims against prison officials in their official capacities).

An exception to this bar exists where Eleventh Amendment immunity has been waived by the state or abrogated by Congress. *See Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overruled on other grounds*. The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044–45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340–345 (1979). Thus, the Eleventh Amendment forecloses all claims for money damages against Defendant Judge Hartmann in his official capacity.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that

1. "Defendant's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6)" (Doc. No. 8) be GRANTED; and

2. Plaintiff's "Motion for Summary Judgment" (Doc. No. 19) be DENIED as moot.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A

general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 16th day of February, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge